STRAW, Appellant, vs. KROMER, Respondent.

*March 12—April 1, 1902.*

*Supplementary proceedings: Undertaking for appearance of judgment debtor: Construction: Failure to appear: Principal and surety: Prejudicial error.*

1. Sec. 3034, Stats. 1898, requires that the undertaking, given for the appearance of the judgment debtor in proceedings supplementary to execution, shall be conditioned to require him from time to time to attend before the judge, as he shall direct, and that during the pendency of the proceedings the judgment debtor will not dispose of any portion of his property not exempt from execution. *Held,* that an undertaking, given in such proceedings, conditioned "that the defendant shall appear before the county judge on [an hour of a certain day], to answer as a witness in supplementary proceedings therein pending, and abide any order or judgment made therein," differs radically from that required by said statute, and is but a common-law bond.
2. Such undertaking is to be construed, as against the surety, as any other instrument—reasonably, but not so as to extend it beyond the fair import of its words.

3. In such case, where it appeared that no order or judgment in the proceedings was made; that the judgment debtor appeared personally on the day mentioned in the undertaking, and by attorney on an adjourned day, but absconded before the day set by a further adjournment, no breach of the undertaking is shown, and the surety is released.

4. In such case, where there is no evidence to show that the surety consented to any adjournment, the plaintiff is not prejudiced by any error in submitting to the jury the question whether the defendant (the surety) was present when the adjournments were taken and consented thereto.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The plaintiff, having a duly transcripted judgment against one Seth Pierce, upon which execution had been returned unsatisfied, upon affidavit showing apprehension that Pierce would leave the state, procured to be issued a warrant from the county judge of Ashland county to bring said Pierce before him to answer on oath concerning his property, and to abide and perform such further or any other order as might be made. Pierce, having been arrested, gave an undertaking, signed by this defendant as surety, to the effect "that the defendant shall appear before the county judge on the 9th day of July, 1900, at 2 o'clock p. m., to answer as a witness in supplementary proceedings therein pending, and abide any order or judgment made therein." Pierce did appear on the 9th, and by agreement the proceedings were "held open" until July 10, 1900, at 2 o'clock, for the purpose of enabling him to perfect his appeal and get bond. On the 10th his attorneys appeared for him, and by agreement the proceedings were held open again until July 11th, 2 o'clock. At that time he failed to appear, and absconded. There was evidence that the defendant, *Kromer,* was present at the time of the adjournment on the 9th, and made no objection thereto, though there is no proof of any express assent, and he asserts that he had no knowledge or understanding of the proceeding. There is no evidence that he was present at the adjournment taken on

July 10th, or had any knowledge thereof. The instructions to the jury confined the issues to two questions, namely, whether the defendant, *Kromer,* was present when the adjournments were taken, and consented to the same, and whether any demand was made upon the defendant before bringing suit. A verdict was found for the defendant, and judgment entered accordingly after a motion for a new trial, from which the plaintiff appeals.

*J. J. Miles,* for the appellant.

For the respondent the cause was submitted on the brief of *G. P. Rossman.*

DODGE, J. The undertaking upon which this action is predicated differs radically from that required by the statute (sec. 3034, Stats. 1898), the condition of which is required to be that the defendant "will from time to time attend before the judge, as he shall direct, and that he will not, during the pendency of the proceedings, dispose of any portion of his property not exempt from execution." It is therefore to be deemed a common-law bond, and to be construed as any other instrument,—reasonably, but not so as to extend it beyond the fair import of its words, as against the surety. So construed, we are persuaded that no breach of the undertaking has been shown. It required only the attendance of Pierce on July 9th, when, confessedly, he did appear. It required, also, that he abide any order or judgment made in the proceeding, but it does not appear that any order or judgment has been made. By reason of the adjournment and intervening disappearance of Pierce, we presume, the rendition of any such became futile. This construction is apparently the same as that given by the court below, who, however, deemed it possible that liability might be continued if *Kromer* consented to the holding of the case open on the 9th until the 10th, and on the 10th until the 11th. He accordingly submitted this question to the jury, by an instruction of which some complaint is made by

the appellant. Upon careful examination of the evidence, we are wholly unable to discover any which tends toward proving a consent on the part of *Kromer* to any adjournment, even on the 9th, but especially on the 10th, day of July; so that, whatever instruction may have been given, there were no facts which could, even upon the theory adopted by the court, render the defendant liable; and plaintiff cannot have been prejudiced by any errors in submitting that question to the jury. Defendant was entitled to judgment on the undisputed evidence.

*By the Court.*—Judgment affirmed.